SMITH et al. v. WILLIAMS.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. PARTNERSHIP—DISSOLUTION—ACCOUNTS—ACTIONS—PARTIES.

Where a partnership, to which defendant was indebted, was dissolved, and the dissolution articles provided that the parties had adjusted all their financial matters, except certain book accounts, etc., which, when collected, were to be divided equally between the parties, but there was no agreement by which the claim against defendant was assigned to one of the partners, both partners were properly joined in an action on such claim.

2. SAME—RELEASE.

Evidence reviewed, and held to show that a release executed by one of the members of a firm to defendant and his daughter was limited to individual claims which such partner had against defendant and his daughter, and did not operate to release partnership claims against defendant in which the releasing partner was jointly interested.

**3. SAME—CONDITIONAL SALES—CONTRACTS OF AGENCY—CONSTRUCTION.**

A contract by which plaintiffs agreed to ship to defendant such cigars as he might order, on condition that all goods so shipped, and all accounts resulting from the resale thereof, should be the property of plaintiffs until the goods were paid for at the price mutually agreed on, etc., and that all accounts resulting from the sale of the consigned goods were thereby assigned to plaintiffs, to be applied to a certain account, etc., was a contract of conditional sale of the cigars, and not a contract of agency for sale.

**4. SAME—COLLECTION OF FUNDS—FIDUCIARY CAPACITY.**

Where a contract for the sale of cigars reserved the title in the seller, and provided that the accounts for sales made until the price named was paid should be the property of the seller, etc., the moneys collected by the buyer on a subsequent sale of the cigars were held by him in a fiduciary capacity for the sellers.

**5. SAME—CONTRACTS—MEMORANDUM—PAROL EVIDENCE.**

Where a written memorandum was not made a part of a conditional contract for the sale of cigars, and was not signed by the parties, the sellers were entitled to introduce parol evidence to explain or contradict it.

Appeal from Trial Term.

Action by Charles A. Smith and another against Joseph R. Williams. From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The plaintiffs were manufacturers of cigars at Binghamton, N. Y., and doing business under the firm name of Smith & Rogers. The defendant resided, and still resides, at Syracuse, N. Y. Upon 12th February, 1900, the plaintiffs and defendant entered into the following contract:

"Memorandum of agreement entered into this 12th day of February, 1900, between Smith & Rogers, of Binghamton, New York, party of the first part, and Joseph R. Williams, of Syracuse, New York, party of the second part, Witnesseth,

"Said parties of the first part to ship unto said party of the second part cigars as ordered and selected upon consignment, said consignment of cigars is mutually understood and agreed to be interpreted that all goods so shipped or consigned unto said second party, and all accounts resulting from the sale of said cigars by said second party are the property of said first party until said goods are paid for at the price mutually agreed upon by the parties hereto.

"Said second party further agrees that all accounts resulting from said sale of said consigned goods will be the property of and are hereby assigned unto said first party toward the payment of the account eight hundred and twenty-six ($826.00) dollars between said second party personally or as agent and C. A. Smith, a member of the firm making the first party to this agreement, in case of the death or demise of said second party before said old account is paid.

"In case of the discontinuance of business by said second party this agreement to hold as in case of death hereinbefore mentioned.

"This agreement to continue in force for one year from date with the privilege of five years.

"Signed and sealed this 12th day of February, 1900."

This contract was signed in duplicate. Thereafter plaintiffs furnished cigars to the defendant to the amount of $281, upon which the defendant had paid the sum of $80. These cigars had all been sold by the defendant, and the accounts therefor collected. This action is brought to recover the moneys which the defendant had received upon these accounts, claimed to be held by the defendant in a fiduciary capacity. At the trial the plaintiffs recovered a verdict for $210.06. From the judgment entered upon this verdict, and from

¶ 3. See Sales, vol. 43, Cent. Dig. § 1335.

the order denying a motion for a new trial, the defendant has here appealed. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-TER, and HOUGHTON, JJ.

Henry E. Miller, for appellant.

T. B. & L. M. Merchant, for respondents.

SMITH, J. Defendant's answer contains denials sufficient to put the plaintiffs to their proof, and also alleges that before the commencement of the action the firm of Smith & Rogers assigned the alleged cause of action to John B. Rogers, who now is the owner and holder of the claim. This further defense is based upon the agreement dissolving the partnership. In that agreement the partnership of Smith & Rogers was declared dissolved, except as therein specified, and it is provided:

"That the said parties have adjusted all their financial matters between themselves except as to certain book accounts against divers parties aggregating $712.65, a list of which each party has giving the names of the parties and the several amounts owing by them which said accounts are left open for collection, and the avails of which, when collected, or any part thereof, shall be divided equally between said parties, share and share alike."

There is in this agreement no assignment of the claim to the plaintiff Rogers. For the purpose of collecting this claim and others, the partnership was deemed still existing. There is no proof whatever to sustain the defendant's further defense that the plaintiff Smith has no interest in the event of the action.

There is another defense urged upon the trial and urged here, although not pleaded, to the effect that the plaintiff Smith had released the defendant from his moiety of this claim, and that therefore he was not interested in this action, and was not a proper plaintiff. Prior to the contract which forms the basis of this action, the plaintiff Smith had had dealings with one Cora B. Raynor, the daughter of the defendant Williams. There was a dispute as to whether the defendant or Cora B. Raynor was the party liable in those dealings. The amount of the indebtedness of one or the other to Smith was the sum of $826. This claim was, after the dissolution of the partnership, settled by Smith upon the payment by Mrs. Raynor of $500. Smith thereupon gave a general release, which recited that, in consideration of $500 paid by Cora B. Raynor, the said Smith released her and Joseph R. Williams from all claims which he had or ever had had, or which his heirs, executors, or administrators shall have, against said parties. At this time, by the partnership dissolution agreement, the plaintiff Rogers had in charge the collection of the partnership accounts. The moneys paid were $326 and some interest—less than the amount of Smith's individual claim against Mrs. Raynor. Under such circumstances, in consideration of $500 received from Mrs. Raynor, this release must be construed as releasing only the individual claims which the plaintiff Smith had, and cannot operate to release partnership claims in which he had a joint interest, but which were apparently in no way contemplated by this release.

The main insistence of the defendant, however, is that these moneys

were not received in a fiduciary capacity, that the contract was simply a conditional sale, and that the defendant at no time became the agent of the plaintiffs for the sale of these goods. The plaintiffs, however, upon this argument, claimed that this was a simple consignment to an agent to sell goods for the plaintiffs, with a provision for compensation as whatever might be received by him over and above the sum mentioned as the price of the article. I cannot agree with the plaintiffs' construction of this contract. It is clear to my mind that these goods were in any event to be paid for by the defendant at a price named. If any purchaser of the goods from the defendant should prove insolvent, the loss would fall upon the defendant, and not upon the plaintiffs. As to the goods themselves, there was no such confidence placed in the defendant by the plaintiffs as characterizes an agency. No right was reserved to control or in any way to interfere with the sales which the defendant should make of cigars, when once obtained. The usual indicia of agency are wanting. The sale is a conditional one, with title remaining in the plaintiffs.

There is, however, another provision in the contract which is most significant. It is provided not only that the title of the property shall remain in the plaintiffs until the price named is paid, but also that the accounts for the sales are until that time to be the property of the plaintiffs. It is apparent that these accounts were to be collected by the defendant. In making that collection the defendant acted as the agent of the plaintiffs, and the moneys collected he held as their trustee until the price of these cigars should be paid to the plaintiffs. With any other construction, this stipulation in the contract becomes ineffective. If defendant may convert plaintiffs' collateral in his hands, and not be liable for breach of trust, those collaterals are valueless to the plaintiffs. The law presumes the intent of the parties to make effective every word of their contract. This action is brought, not upon his covenant to pay for the cigars, but for the moneys which the defendant has received upon the sale of these cigars under the clause of the contract that those accounts, and, by inference, the proceeds thereof, were to belong to the plaintiffs. These moneys I think the defendant clearly held in a fiduciary capacity. In the case of Weston v. Brown, 158 N. Y. 360, 53 N. E. 36, the question decided was simply as to the right to bring an action at law in a parallel case, rather than an action in equity for an accounting. There were other clauses in the contract in that case which distinguish it somewhat from the case at bar. When the opinion is read, however, in view of the question there to be decided, it contains, I think, no rule of law antagonistic to the rule which we now hold. The case of German Bank v. Edwards, 53 N. Y. 541, is distinguished from the case at bar in the case of Kelly v. Scripture, 9 Hun, 283. There is no doubt that a creditor may intrust his collateral with his debtor to sell or collect the same for him. Conkling v. Shelley, 28 N. Y. 360, 84 Am. Dec. 348. The proceeds of the collection, when once made, however, are held in trust for the creditor, and must be paid over to the creditor upon his demand.

In the case at bar I think there were but two questions for the jury. The first question was the question of fact as to whether the defend-

ant had collected the full amount of the moneys. He claimed upon the trial that he had collected all except $40. The plaintiffs claimed to have his admission that he had collected the full amount. This issue was submitted to the jury, who found for the plaintiffs thereupon. The second question arises upon the defendant's claim that the plaintiffs are entitled to no compensation, under the contract, until they have wholly fulfilled by delivering to the defendant the full amount of the first consignment. It will be noticed that in the contract the plaintiffs were to ship to the defendant cigars as ordered and selected. At the time of the execution of that contract a memorandum was made which recited that it was a memorandum of the first consignment under the agreement of February 12, 1900—Smith & Rogers to Joseph R. Williams. In this memorandum were specified 20,000 cigars of different kinds to be shipped. The plaintiffs, however, upon the stand, swore that the goods mentioned in this memorandum were not to be shipped at once, but were to be made up ready for shipment. This evidence is complained of by the defendant as contradictory of the written memorandum made at the time that the contract was made. This written memorandum, however, was not made a part of the contract. It was not signed by the parties. The plaintiffs were at liberty, therefore, to contradict it or explain it by parol evidence. The jury were, in substance, told that if this agreement was an entire one, and these cigars mentioned in the memorandum were to be at once shipped, the plaintiffs could not recover in the action. Upon this question also the jury has found with the plaintiffs.

I agree with the defendant's counsel that the original contract cannot be varied by parol, and that the letters were not admissible as explanatory thereof While much was submitted to the jury that probably was for the court to decide, nevertheless, upon the two questions which we here hold were properly submitted, their verdict is for the plaintiffs, and there is no apparent reason for disturbing their verdict because other questions were submitted to them which could not in any way influence their finding upon the questions properly submitted. We think, therefore, the judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur