## Pringle v. Canfield, Sheriff.

1. A written instrument denominated a "lease," acknowledging the receipt of $50, and providing for further payments of $10 per month, with interest, until a certain sum was paid, after which the leased personalty was to become the property of the lessee, was a conditional sale.

2. Laws 1893, p. 56, c. 36, § 1, re-enacted as Rev. Civ. Code, § 1315, and declaring that all conditional sales of personal property shall vest title in the vendee, as to third persons with notice, unless the contract is in writing and filed with the register of deeds, is not unconstitutional, as a deprivation of property without due process of law.

3. Laws 1893, p. 56, c. 36, § 1, requiring conditional sales to be recorded, was re-enacted as section 1315 of the Revised Civil Code, to take effect July 1, 1903. Afterwards Act Feb. 25, 1903, was passed, repealing the statute of 1893, and providing that the repealing act should be in force from and after July 1, 1903. Held, that the operation of the act of 1893 was not interrupted by the repealing act.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Pennington county; Hon. Levi McGee, Judge.

Action by Irene Pringle against Charles Canfield, as sheriff of Pennington county, S. D. From a judgment for defendant, plaintiff appeals. Affirmed.

*Chauncey L. Wood*, for appellant.

Session Laws of 1903, Chapter 199, pages 263 and 267. In the last eleven lines is enumerated the Acts and Laws of the Session Laws of 1903, that is repealed, Chapter 36 being among them. That chapter contains two sections, the first section being as follows:

Section 1. All sales of personal property, where the possession is delivered to the vendee, on condition that the title shall remain in the vendor until the purchase money is paid, shall

vest such title in the vendee as to the third persons without notice of such conditions, unless such contract is in writing and filed with the register of deeds of the county where the vendee resides.

The second section repeals all acts and parts of acts in conflict with the provisions of this act.

The saving clause in the repealing act of February 25th, 1903, above referred to so far as it relates to anything concerning this case, is as follows:

"'Section 3. The repeal of the several acts in this act enumerated, shall not effect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil or criminal cause before said repeal, but all rights and liabilities under said acts, shall continue and may be enforced in the same manner as if said repeal had not been made; nor shall said repeal in any manner affect the right to any office, or property, or other right or change the term or tenure thereof."

When the said act, Chapter 36, Laws of 1893, was repealed, the right of the said judgment creditor, of Selwinder, to levy on plaintiff's piano was destroyed, and that there is nothing in the saving clause of the repealing act which perpetuates the right.

The judgment creditor had no vested right and could have no vested right in a mere remedy, and, therefore. is not within the provisions of the saving clause above referred to. Bailey v. Kincaid, 11 N. Y. Sup. 294; Railroad Company v. Grant, 98 U. S. 398, 25 L. Ed. 231; Ryan v. Waule, 63 N. Y. 57; Sullivan v. Haug, 46 N. W. 795, 10 L R. A 263; Encyc. of Pleading & P. 19, and note 2 on page 20; Lake Erie

& W. R. Co. v. Watkins, 62 N. E. 443; Bryson v. McCreary, 1 N. E. 55.

Chapter 36 of the Laws of 1893 and Section 1315 Revised Civil Code are unconstitutional. It is taking property without due process of law, to declare that one person's title to property shall vest in another person, when neither of the parties to the contract intended the contract to have that effect. McClain v. Williamson, 11 S. D. 227; Harris v. Stearns, 17 S. D. 439, 97 N. W. 361; People v. Sponsler, 1 Dakota 289; Art. 6, Sec. 2, S. D. Constitution; Pearson v. Yewdall, 95 U. S. 24.

*Buell & Gardner*, for respondent.

The contract between plaintiff and Edward Selwinder is a contract of conditional sale notwithstanding it purports to be a lease. Hervey v. R. I. Locomotive Works, 93 U. S. 664; Hine v. Roberts, 40 Am. Rep. 170; Lummis v. Bragg, 7 Am. Rep 638; Murch v. Wright, 46 Ill 487; Lucas v. Campbell, 88 Ill. 447.

The contract of conditional sale, under which the plaintiff claims the title and right of possession to the property in question, not having been filed with the register of deeds of the county where the vendee resided, title to said property vested in said vendee as to third persons without notice. Vorse v. Loomis, 53 N. W. 314; Wright v. Bernard, 56 N. W. 424; Kimball Co. v. Kirby, 4 S. D. 152; Rawson Mfg. Co. v. Richards, 35 N. W. 40; Thomas v. Richards, 35 N. W. 42; Weil v. State, 21 N. E. 643; Kimball v. Mellon, 48 N. W. 1100; Knittel v. Cushing, 44 Am. Rep. 598; Williams v. Porter, 41 Wis. 422.

Where a statute is repealed and its provisions are at the same time re-enacted, the effect is that the entire statute is not in fact repealed, but the new act is substituted for and continues in force the provisions of the original act. State v. Mc-

Coll, 2 N. W. 213; State v. Wish, 19 N. W. 686; Sternberg v.
State, 69 N. W. 849; Middleton v. N. J. W. L. R. Co., 26 N. J.
Eq. 269; Randolph v. Larned, 27 N. J. Eq. 562; Scheftels v.
Tabert, 1 N. W. 160; Fullerton v. Spring, 3 Wis. 667; Laude v.
Chi. & N. W. R. Co., 33 Wis. 640; Glentz v. State, 38 Wis. 549;
Denning v. Yaunt, 50 L. R. A. 103; Thompson v. West, 49 L.
R. A. 337.

Plaintiff must recover, if at all, upon the strength of her
own title, and proof of title in a third party will defeat her
right of recovery. Pitts Agricultural Works v. Young, 6 S. D.
557; Conner v. Knott, 8 S. D. 304.

FULLER, J.   Claiming to be the owner of a certain piano,
upon which an execution had been levied as the property of a
judgment debtor (one Edward Selwinder), plaintiff brought
this action in claim and delivery to recover its possession, and
has saved certain questions for review on this appeal from a
judgment in favor of the defendant, and an order overruling
her motion for a new trial.   The written instrument under
which the piano was delivered to Edward Selwinder, and upon
which appellant relies, is denominated a "lease," and acknow-
ledges the receipt of $50 paid in cash, and provides for the
further payment of $200 in monthly installments of $10 each,
with interest at 7 per cent. per annum from date until fully
paid, together with attorney's fees in case of default. The
piano is to remain the property of appellant, and Selwinder's
failure to strictly comply with the contract results in the for-
feiture of the piano and all previous payments, and agrees not
to remove it from his premises or part with the possession
thereof without first obtaining her written consent.   It is ex-

pressly provided that the piano is to become the property of Edward Selwinder at the completion of the above mentioned payments, at the purchase price agreed upon, which, exclusive of interest and attorney's fees, aggregates $250.

Whether a conditional sale or a lease is evidenced by a contract depends infinitely more upon its expressed conditions than upon the name given it to impress the transaction with the characteristics of an instrument executed to secure a debt, and at the same time avoid the necessity of foreclosure by retaining ownership of the property until the purchase price has been fully paid. So, as in this case, where title to specific personal property is to pass to the person taking possession thereof upon the completion of stipulated payments, together with interest and attorney's fees for collecting the amount in case of default, the term "lease" is a misnomer, and the transaction a conditional sale, in exact accordance with the intention of the parties. Authorities are abundant in support of the suggestion that a transaction, by whatever name, is a conditional sale whenever payment is a prerequisite to the passing of title, and contracts framed to partake more of the qualities of a lease than the one before us have been so construed in the following cases: Nye v. Daniels, 75 Vt. 81, 53 Atl. 150; Herring-Marvin Co. v. Smith, 43 Or. 315, 72 Pac. 704; Hine v. Roberts, 40 Am. Rep. 170; Murch v. Wright, 46 Ill. 487; Huffard v. Akers, 52 W. Va. 21, 43 S. E. 124; Smith v. Williams, 90 App. Div. 507, 85 N. Y. Supp. 506; Hervey v. R. I. Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003. The undisputed evidence shows, and the court found, "that at the time of the execution of said contract, and at all times since said date, the said Edward Selwinder was a resident of Rapid City, Penning-

ton county, South Dakota, and that neither the defendant herein, nor any of the officers or agents of the McCord Brady Company, a corporation, had any knowledge or notice of the conditions of said contract, or any knowledge or notice that the plaintiff claimed any right, title, interest, or claim therein; that it appears from the records and files of the county auditor of said Pennington county that said property was as-sessed in the name of Edward Selwinder for the year 1903, and that it was not assessed for the year 1903 in the name of the plaintiff herein, and that prior to making the levy herein the defendant made inquiry of the said county auditor, and ascertained that said property was so assessed to said Edward Selwinder; and that he also made an examination of the records and files in the said office of the register of deeds, and found that there were no mortgages, liens or contracts filed or of record in said office affecting the title to said property, or constituting a lien thereon." On behalf of himself and McCord-Brady Company, the levying judgment creditor of Selwinder, respondent sheriff, fully justified the seizure and detention of the property, unless, as contended by counsel for appellant, section 1 of chapter 36, p. 56, Laws 1893, re-enacted in the Revised Civil Code as section 1315, is unconstitutional, or was repealed by chapter 199, p. 263, of the 1903 Session Laws; that provision being as follows: "All sales of personal property where the possession is delivered to the vendee on condition that the title shall remain in the vendor until the purchase money is paid, shall vest such title in the vendee as to third persons without notice of such conditions, unless such contract is in writing and filed with the register of deeds of the county where the vendee resides." As the interest of a conditional

vendor is in the nature of a lien, the cautionary requirement that where possession is delivered to the vendee the contract must be in writing, and filed in the office of the register of deeds, in order to retain title as against third persons without notice, seems to be a reasonable provision of the registration act, and so analogous to the statute relating to chattel mortgages that the following decisions are controlling: Kimball Co. v. Kirby, 4 S. D. 152, 55 N. W. 1110; Noyes v. Brace, 8 S. D. 190, 65 N. W. 1071; Pierson v. Hickey, 16 S. D. 46, 91 N. W. 339. No authority holding that such statutes operate to deprive persons of property without due process of law is given by counsel for appellant, and there being no perceptible reason for such a conclusion, we must hold the law valid, and their contention to the contrary without merit.

Counsel for appellant, admitting for the sake of argument that the statute is constitutional and the transaction under consideration a conditional sale, zealously maintains that on the 14th day of August, 1903, when the execution was issued and served, the piano in question was not subject to levy and sale because such provision was repealed by a legislative enactment approved February 25, 1903, providing that "this act shall take effect and be in force from and after the first day of July, 1903, at twelve o'clock, meridian of that day." In futherance of a revisionary system, the Legislature at an earlier day of the session re-enacted, simultaneously with practically all other existing statutes, section 1, p. 56, c. 36 of the laws of 1893, as section 1315 of the Revised Civil Code, and also provided that the same "shall take effect and be in force from and after the first day of July, 1903, at twelve o'clock meridian of that day." It will thus be seen that the repealing act did not become opera-

tive until the statute to which it related was replaced by the re-enactment without modification, and consequently there was no period of time when the provision under consideration was not in full force. In the case of Wright v. Oakley, 5 Metc. 400, the universal doctrine is thus announced: "In practical operation and effect, therefore, they are rather to be considered as a continuance and modification of old laws, than as an abrogation of those old, and the re-enactment of new, ones. In order to construe them correctly, we must take the whole of the Revised Statutes, together with the act of amendment and the repealing act, and consider them in reference to the known purpose which the Legislature had in view in making the revision." So, in a criminal case, it was said: "Where a new act is in the very words of a statute which it repeals, and it is clear that the repeal and re-enactment were intended to continue in force the uninterrupted operation of the old statute, they will be so construed. And this will apply to crimes committed before the new act took effect." State v. Wish, 19 N. W. 686. The following cases are to the same effect: Middleton v. New Jersey West Line R. Co., 26 N. J. Eq. 269; Glentz v. State, 38 Wis. 549.

Under all accessible authorities, and in accordance with the intention of the Legislature, expressed in plain language, this prior act, re-enacted to take effect at a specified time, is not interrupted by the subsequent repealing act, which was not to go into effect until the re-enactment became operative.

The judgment appealed from is affirmed.