## In re NELSON.

(District Court, D. South Dakota, S. D. August 8, 1911.)

**1.** BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—CONDITIONAL SALE CONTRACT.

Under Bankr. Act July 1, 1898, c. 541, § 47, subd. "a," cl. 2, 30 Stat. 557 (U. S. Comp. St. 1901. p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, providing that a bankrupt's trustee shall be vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, whether a conditional sale of personal property to a bankrupt is valid as against the bankrupt's trustee depends on whether it would be valid as against a lien creditor of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**2.** BANKRUPTCY (§ 140*)—CONDITIONAL SALE CONTRACT—VALIDITY—WHAT LAW GOVERNS.

The validity of a conditional sale contract by which title is reserved in the seller as against a bankrupt's trustee depends on the law of the state in which delivery of possession thereunder was made.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**3.** BANKRUPTCY (§ 140*)—TITLE OF TRUSTEE—CONDITIONAL SALES—FILING.

Where farm machinery purchased by the bankrupt under a conditional sale contract in 1909 was delivered to the bankrupt in South Dakota in April, 1910, and he had exclusive possession from that time until bankruptcy proceedings were instituted against him, and the conditional sale contract was never filed in the office of the register of deeds of the county in which the bankrupt resided and kept the property, a creditor of the bankrupt holding a lien and having no knowledge of the existence of such conditional sale under the state law would have a claim against the property superior to the rights of the conditional seller.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**4.** BANKRUPTCY (§ 140*)—PERSONAL PROPERTY—OWNERSHIP—WAREHOUSE RECEIPT.

A buyer of farm implements under an unfiled conditional sale contract executed to the seller an instrument denominated "warehouse receipt," by which he acknowledged receiving from the seller specified articles of machinery, which he agreed to store, insure, and hold subject to the seller's order, and to be responsible for any loss or damage thereto. It further provided that the seller authorized the buyer to sell the machinery in the regular course of business, provided that the proceeds of the sale, either in cash or notes, was to be the property of the seller, and should be delivered to it on demand, "cash when received to be credited to his indebtedness, and notes to be held as collateral security to his indebtedness." *Held,* that such instrument was neither a chattel mortgage nor a conditional sale contract, and was therefore not entitled to be filed as such under the laws of South Dakota.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

**5.** BANKRUPTCY (§ 140*)—PERSONAL PROPERTY—OWNERSHIP—WAREHOUSE RECEIPT.

Such instrument was not in fact a warehouse receipt, but recognized ownership of the property in the bankrupt, with neither title to nor lien on the same in the seller, with a mere agreement that, on the sale of the property, the proceeds should be remitted by the bankrupt to the seller, and the cash received credited on his indebtedness to the seller, and the notes taken held as collateral thereto.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

In Bankruptcy. In the matter of bankruptcy proceedings of Adolph Nelson. The referee granted the application of a conditional vendor of certain farm implements and machinery to surrender the same and the trustee filed a petition for review. Reversed.

Bailey & Voorhees, for trustee.

A. J. Keith, for petitioner.

ELLIOTT, District Judge. This case comes before us upon the petition of the trustee in bankruptcy of the estate of Adolph Nelson to review an order of Henry A. Muller, the referee in bankruptcy, made and entered by said referee, adjudging and decreeing, among other things, that the La Crosse Implement Company, of La Crosse, Wis., is the owner of and entitled to the immediate possession of certain farming implements and machinery, enumerated in a warehouse receipt, dated August 19, 1910, which machinery is enumerated in said warehouse receipt hereinafter set forth herein. The pertinent facts as disclosed by the record are as follows:

On the 9th day of February, A. D. 1911, the said Adolph Nelson filed his voluntary petition in bankruptcy, and listed the articles hereinafter referred to in his schedules now on file herein. That in the fall of 1909 a contract was made and entered into by and between the La Crosse Implement Company and Adolph Nelson, bankrupt, wherein and whereby the said company agreed to sell and said Adolph Nelson agreed to buy certain farm machinery, the said contract to be in force during the season of 1910. That said contract was in writing, and provided, among other things, that the title in and to the goods sold under said contract should remain in the vendor, the La Crosse Implement Company, until paid for. The said conditional sale contract was never filed with the register of deeds of Kingsbury county, as provided by section 1315 of the Civil Code of the Revised Code of the state of South Dakota, A. D. 1903.

That under and by virtue of said conditional sale contract the said implement company, in April, A. D. 1910, sold and delivered to Adolph Nelson farm machinery and implements, including the implements described in the order of the referee herein dated June 10, A. D. 1911.

That thereafter the bankrupt, Adolph Nelson, on, to wit, August 19, 1910, made, executed, and delivered to the said La Crosse Implement Company a certain instrument called a "warehouse receipt," dated on that date, in words and figures as follows, to wit:

"Warehouse Receipt.

"Dated at Esmond, S. D., August 19th, 1910.

"Adolph Nelson acknowledges receiving from La Crosse Implement Company, Minneapolis, Minnesota, articles listed below, which, in consideration of permission to sell as herein stated, I agree to store and insure for them free of charge, to hold subject to their order, and to be responsible to them for any loss or damage to any of said articles. La Crosse Implement Company grant to Adolph Nelson the right to sell such goods in the regular course of their business, provided, however, that the proceeds of such sale, either in cash or notes, are to be the property of the La Crosse Implement Company,

and are to be delivered to them on demand. Cash when received to be credited to his indebtedness, and notes to be held as collateral security to his indebtedness.

"La Crosse Implement Company, by C. D. Ray.

| No. | Size. | Articles all complete and in good condition, or as listed. | |
|---|---|---|---|
| 4 | 10 ft. | Imperial disc drills | $352 00 |
| 3 | 9 ft. | Imperial disc drills | 231 00 |
| 4 | 8 ft. | #34 La Crosse disc harrows | 96 00 |
| 4 | 128 tooth | La Crosse tubular steel lever harrows | 68 00 |
| 4 | 4 horse | Wood boss harrows | 51 00 |
| | | Repairs on hand as per invoice 8–19–10 | 10 74 |
| 1 | | Extra evener for 4 horse boss harrow | 3 60 |
| | | | $812 34 |

"I hereby acknowledge the receipt of a full, true, perfect copy of the above warehouse receipt this 19th day of August, 1910, delivered to and received by me. [Signed] Adolph Nelson.

"Witnesses:

"C. D. Ray.

"Geo. E. Gardner."

There was also another "warehouse receipt" of other goods, unnecessary to mention and set forth, as its construction will be governed by a determination of the rights of the parties under the foregoing instrument. The goods mentioned in the foregoing instrument were delivered to Adolph Nelson in the late spring of 1910, and he remained in possession of said goods until he was adjudicated a bankrupt, and thereafter the possession of said goods passed into the hands of, and are now held by, his trustee in bankruptcy, who has actual possession of them. That said instrument denominated a "warehouse receipt," copy of which is above set forth, was filed with the register of deeds of Kingsbury county, S. D., on the 14th day of October, 1910, more than four months prior to the commencement of these bankruptcy proceedings.

The issues in this proceeding were raised by the petition of the La Crosse Implement Company, a corporation, of La Crosse, Wis., claiming title to the machinery described in the "warehouse receipt" above set forth, and the answer of the trustee denying claimant's title. This machinery was listed by the bankrupt, and was and is in the possession of the trustee, and the order of the referee in bankruptcy, dated the 30th day of June, 1911, adjudged, among other things, that the said implement company is the owner of and entitled to the immediate possession of the implements and machinery enumerated in the warehouse receipt, dated August 19, 1910, above set forth. Thereupon John Culhane, Jr., as trustee of the estate of Adolph Nelson, bankrupt, duly filed his petition for a review of that portion of the said order of the referee wherein it was determined that the said implement company was entitled to said implements and machinery, which said petition was granted, and the same is before us upon the record and referee's certificate upon review.

[1] Under section 47, subd. "a," cl. 2, Act July 1, 1898, c. 541, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, if property coming into the custody of

the court be claimed by another, the trustee is vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. Applying its plain interpretation to this section and amendment, it follows that an agreement which would have been binding upon and could have been enforced between the parties hereto prior to the amendment of 1910 no longer necessarily binds the trustee. His position is no longer the same as that of the bankrupt, but he is now in the position of a creditor holding a legal or equitable lien, and in this case the conditional sale of this property and the writing above set forth, termed a "warehouse receipt," are to be interpreted exactly as if the trustee were a creditor holding such lien. In re Franklin Lumber Co. (D. C.) 187 Fed. 281.

[2] The validity of a conditional sale contract, by which title was reserved in the seller as against the trustee in bankruptcy of the purchaser, depends upon the law of the state in which delivery of possession thereunder was made. Davis v. Crompton et al., 158 Fed. 735, 85 C. C. A. 633.

[3] A creditor holding a lien against this bankrupt, having no actual knowledge of the existence of this conditional sale contract, under the statutes of South Dakota, would have a claim superior to the rights of the vendor of the property. Pringle v. Canfield, 19 S. D. 506, 104 N. W. 223. It follows that this trustee has a right superior to that of the vendor to the machinery purchased from the La Crosse Implement Company under the conditional sale contract of A. D. 1909, which machinery was delivered to the bankrupt in April, 1910, and he had the exclusive possession of the same from that time until these proceedings were instituted, though the conditional sale contract was never filed in the office of the register of deeds of Kingsbury county, where the vendee resided and kept the property.

[4] It is my judgment that the pretended warehouse receipt is not an instrument entitled to be filed in the office of the register of deeds, under the laws of the state of South Dakota; that it is neither a chattel mortgage nor a conditional sale contract, and it is not pretended that it is.

In the view that I take of this pretended warehouse receipt, it is unnecessary to further discuss the foregoing propositions, as, in my judgment, a reasonable construction of this entire instrument denominated a "warehouse receipt" fixes the ownership of this property in the bankrupt at the time it was executed; that it did not give, and did not pretend to give, any interest in or lien upon the property to the La Crosse Implement Company; that it is the result, as I interpret it, of an endeavor to sell the property, pass the title, and receive payment therefor, and at the same time an effort to declare the sale not a sale if future emergencies demanded it. Whether this pretended warehouse receipt was intended to pass any interest or title to this property to the La Crosse Implement Company depends infinitely more upon its express terms than upon the name given it to impress the transaction, in name, with the ownership in the vendor. By the express terms of this instrument, it is provided that the bankrupt may sell the machinery in dispute, he agrees to store and insure the same

for the implement company, free of charge, to hold subject to their order, and to be responsible to them for any loss or damage to any of said articles. It is provided therein that the bankrupt will sell these goods in the regular course of business; provided, however, that the proceeds of such sale, whether in cash or notes, are to be the property of the La Crosse Implement Company, and are to be delivered to them on demand; cash, when received, to be credited to his indebtedness, and notes to be held as collateral security to his indebtedness. The last provision of this contract clearly recognizes the ownership of the property and the right to a credit for the proceeds of its sale in the bankrupt. The plain provision is, first, that the cash received from the sale of these goods, when received by the implement company, is not their money, received upon the sale of their goods, because it is to be credited to the bankrupt's indebtedness. Indebtedness for what? It makes no difference whether it is indebtedness for these goods or for other goods. If it is indebtedness for these goods, then he is the owner of the goods, because an indebtedness by the bankrupt for these particular goods is inconsistent with the ownership of the goods by the vendor. If the indebtedness upon which this cash is to be credited is an indebtedness for other goods, then the parties in making this provision recognized the ownership of the bankrupt and his right to the proceeds, and to a credit upon such other indebtedness upon the sale and remittance. It might be suggested that the indebtedness would be an indebtedness by the bankrupt to the company for these particular goods that would not obtain until he had made the sale. That, however, is inconsistent with the idea that the implement company owns the property, and, when the property is sold, the proceeds belong to the company. The cash received by the bankrupt under those conditions would not constitute an indebtedness of the bankrupt to the implement company, and his duty, if any, would be nothing more than turning it over to its owner.

[5] What has been said with reference to the provision referring to cash sales is equally true, and perhaps a little stronger upon the last proposition, with reference to the provision of the contract providing that notes received should be held as collateral security to his indebtedness. In fact, this last proposition absolutely negatives the possibility of the construction last above suggested, because it contemplates an indebtedness on the part of the bankrupt, even after the machinery has been sold, the notes have been taken, have been remitted to and received by the implement company, the notes received upon the sale of said machinery are to be held as collateral security to the indebtedness of the bankrupt, presumably the purchase price therefor. For the purposes of this case therefore, this decision may be predicated solely upon a reasonable construction of this instrument denominated a "warehouse receipt" by the La Crosse Implement Company, which, as indicated above, recognizes the ownership of the bankrupt, with neither title to nor lien upon the same, in the La Crosse Implement Company, with a simple agreement that, upon the sale of the property, the proceeds will be remitted to the company by the bankrupt and the cash received credited upon his indebtedness to the

company, and the notes taken for the machinery will be held as collateral to the bankrupt's indebtedness to the company.

I therefore find:

(1) That the conditional sale contract under which these goods were purchased by and delivered to the bankrupt was presumptively fraudulent as to creditors by reason of the failure to file the same in the office of the register of deeds, under section 2369 of the Civil Code of the state of South Dakota.

(2) That this pretended warehouse receipt was not a chattel mortgage nor a conditional sale contract, and under the statutes of the state of South Dakota was not entitled to be filed in the office of the register of deeds of Kingsbury county, where it was filed.

(3) That the pretended warehouse receipt, by its terms, was not intended to pass any title, right, or interest in or to said property to the La Crosse Implement Company, and upon its face clearly recognizes the bankrupt's interest in and ownership of the property.

(4) That the said pretended warehouse receipt is not a warehouse receipt at all, and was not so intended, and by its terms clearly recognizes the bankrupt's interest in and ownership of the property, and the same was rightfully listed by the said bankrupt as assets when he filed his voluntary petition in bankruptcy February 9, A. D. 1911.

(5) That the title of John Culhane, Jr., as trustee in bankruptcy of the estate of Adolph Nelson, bankrupt, to the personal property in controversy herein, is superior to that of the La Crosse Implement Company, and said trustee is entitled to hold the same free and clear of any lien upon or claim thereto upon the part of the said implement company.

The order of the referee will be reversed.