JOHN LENNON *vs.* ADOLF RAWITZER AND ANOTHER.

New Haven Co., June T., 1889.  CARPENTER, PARDEE, LOOMIS, BEARDS-
LEY and TORRANCE, Js.

It is the settled practice in this state for the court, after a default, to hear
the case in damages, without the intervention of a jury.

And it does not alter the case that the defendant had filed an answer and
afterwards suffered a default with the consent of the court.

In a suit for an injury from a defect of certain apparatus in the defendants'
factory, claimed to have been caused by their negligence, the plaintiff
in his evidence specified the negligence he complained of and explained
the circumstances of his injury and how it happened. Held that it
would be assumed that the case thus presented was the plaintiff's whole
case, and that the defendants were not bound to show that there were
no other defects which caused the injury if the particular one claimed
did not.

Under the rule laid down by some of the text writers and known as that
of *Res ipsa loquitur,* concerning the presumption of negligence from
the occurrence itself, it is necessary that the thing as to which the neg-
ligence is claimed, should have been at the time under the management
of the defendant or his servants.

And it is held by some high authorities that the rule should be applied only
to contract relations, such as that of a carrier of goods.

It is a presumption of fact only, and may be rebutted by any appropriate
evidence.

[Argued June 5th—decided September 27th, 1889.]

ACTION by an operative in a factory of the defendants,
to recover damages for an injury by falling into an elevator
well by reason of a defect in the elevator and the machinery
connected with it, such defect being owing to the negligence
of the defendants; brought to the Superior Court in New
Haven County. The defendants filed an answer, but were
afterwards by consent of the court defaulted, and the case
upon their motion was heard in damages by the court (*Fenn,
J.*) Facts found and judgment rendered for the plaintiff for
nominal damages, and appeal by the plaintiff. The case is
sufficiently stated in the opinion.

*J. P. Pigott* and *W. S. Pardee,* for the appellant.

*H. Stoddard* and *W. F. Davis,* for the appellee.

LOOMIS, J.   This is a suit to recover damages for a personal injury to an operative employed in the defendants' factory, occasioned by his falling into an elevator well while attempting to operate the elevator.

The defendants filed an answer, but afterwards, with the consent of the court, withdrew their appearance and submitted to a judgment by default.   The court, upon the defendants' motion, granted a hearing in damages, and assessed the same at the nominal sum of fifty dollars.   The plaintiff contends that the judgment was erroneous in three respects :—

*First.* Because the court assessed the damages, instead of leaving it to a jury. ·　　;

*Secondly.* Because the burden of proving how the accident happened was put on the plaintiff.

*Thirdly.* In holding the defendants free from negligence upon the facts found in relation to the gate.

1. The plaintiff's contention under the first head hardly reaches so far as to overturn the uniform practice of the courts of this state ever since they have existed; a practice concerning which Judge SWIFT, our most approved text-writer, in volume 2, page 268, of his " System," published almost a century ago, said :—" Our courts possess the same power to assess damages as a jury in England upon a writ of inquiry, issued to the sheriff for that purpose.   There, in these cases, the court must issue a writ to the sheriff, commanding him by twelve men to enquire into the damages and make return to the court; which process is called a writ of enquiry.   The sheriff sits as judge, and there is a regular trial by twelve jurors to assess the damages.   This mode of proceeding must be productive of expense and delay, and the practice of this state, introduced by our courts without the authority of a statute, of assessing damages themselves, without the intervention of a jury, is one of the many instances in which we have improved upon the common law of England."

This practice has also in repeated instances received the express sanction of this court.   The last time was in 1885,

in *Seeley* v. *City of Bridgeport*, 53 Conn., 1; and for other instances see the cases there cited on page 2.

Moreover, a statute of this state, first passed in 1821, and now found in section 1106 of the General Statutes, positively requires the court to make the assessment in these words: "In all cases where judgment is rendered otherwise than on a verdict in favor of the plaintiff, the court shall assess the damages which he shall recover."

But the plaintiff would avoid all this array of authority by raising a distinction, founded on the fact that in this case the defendants had actually appeared and filed an answer before they suffered a default. In our view such a distinction is not well founded, for it is not only contrary to our practice but contrary to the requirements of the statute, which applies in terms to all cases where judgment is rendered otherwise than on a verdict. If it be suggested that our answer involves a begging of the question, in that no judgment ought to have been rendered by default till after a jury had returned a verdict in damages, we answer again, that such a course is neither in accord with our law nor the common law. Our practice first diverges from that of the common law after judgment by default has been rendered, for such a judgment is a common law judgment, which was entered when the defendant neglected or refused to appear or when he acknowledged the action to be just and withdrew his appearance.

Blackstone in the 3d volume, p. 397, of his Commentaries, says, in stating in what cases an assessment of damages after judgment is to be had: "And this happens, in the first place, when the defendant suffers judgment to go against him by default, or *nihil dicit*, or if he puts in no plea at all to the plaintiff's declaration; by confession or *cognovit actionem*, where he acknowledges the plaintiff's demand to be just; or by *non sum informatus*, where the defendant's attorney declares that he has no instructions to say anything in answer to the plaintiff or in defense of his client, which is a species of judgment by default."

Judge SHIPMAN, in his able opinion in *Raymond* v. *Dan-*

*bury & Norwalk Railroad Co.*, 43 Conn., 596, maintains, with a citation of authorities, that the assessment of damages by the court or by the jury upon a default is wholly a matter of practice and not of right, and he held that the damages in that case, though it was pending in the Circuit Court of the United States, should be assessed according to our state practice by the court.

But we have a further answer to the claim that the filing of an answer prevented the court from assessing the damages. The record shows that the defendants' appearance was withdrawn by consent of the court, which in legal effect withdrew the answer also. Such is the doctrine held in *Carver* v. *Williams*, 10 Ind., 268, and *Michew* v. *McCoy*, 3 Watts. & Serg., 501. See also *Dana* v. *Adams*, 13 Ill., 692.

2. The next alleged grievance is that the court put the burden on the plaintiff of showing how the accident happened, or how the breaking of the belt or the want of a gate caused the injury. This is alleged to be apparent from the record. It does not seem so to us, and it required a very keen and critical analysis of the finding on the part of the counsel for the plaintiff to give any color for the claim. No question whatever was made in the trial court respecting the burden of proof or its order of introduction; but upon inspecting the record we see that the strictest regard was in fact had to the rule as to the burden and order of proof.

[The judge then reviews the finding of the court at much length, to show that it presents no foundation for the objection made. The opinion then proceeds as follows:—]

The argument for the plaintiff also assumed or seemed to assume the position that, in addition to the duty of showing that the precise defects claimed could not have caused the injury, the defendants must also have taken up the burden of showing that there were no other defects that could have produced the effect shown. We cannot indorse such a position. It would render trials of this kind interminable and lead to manifest injustice. Regard must always be had, not only to the pleadings, but to the issues of fact actually presented on the trial. When a plaintiff specifies the negli-

gence he complains of, and explains the circumstances of his injury and how it happened, the opposing party and the court have a right to assume the case thus presented to be his whole case.

The plaintiff also, before the court, invoked the benefit of the rule concerning the presumption of negligence to be derived from the fact of the accident, referred to by some text-writers under the title of *Res ipsa loquitur.* The plaintiff's counsel cite the rule as stated in *Scott* v. *London & St. Catherine Docks Co.*, 3 Hulst. & Colt., 596, as follows:— " When the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." There is no occasion to consider whether the rule as above stated needs qualification or not. There are high authorities that hold that it should not be applied except to contractual relations, such as that of a carrier of goods, who is held as a *quasi* insurer. The rule was somewhat modified by this court in *Button* v. *Finch*, 51 Conn., 342.

But assuming it to be as cited, there are several conditions which are essential to lay the foundation for any presumption. One is that the thing must be under the management of the defendant or his servants. Here the actual management at the time was controlled by the plaintiff, which would at least require caution in applying the rule, lest the plaintiff's own carelessness be visited on the defendants. Another condition predicates the presumption on the failure of the defendant to explain. But here the defendants and the court adopt the plaintiff's own explanation, and upon that the court finds that the defects claimed could not have caused the accident. The presumption referred to, being one of fact and not of law, may be rebutted by any appropriate evidence, and upon such a finding as this case presents it is most effectually rebutted, if it ever existed.

3. As to the claim that the court erred in holding the de-

fendants free from negligence in respect to the gate, as the plaintiff's brief states it, or in holding that there was no duty on the defendants to keep a gate or bar as a protection to the elevator operative, as the assignment of error has it, the form of the finding is free from all the objectionable features so much criticised by the plaintiff's counsel in the matter of the belt, just considered, and the subject matter of the finding is so clear, direct and strong as to effectually dispose of every objection attempted to be raised by the plaintiff and settle the question within the realm of fact, leaving no question of law at all for our consideration.

There is no error in the judgment complained of.

In this opinion the other judges concurred.