## Lucy A. Nye *v.* H. B. Daniels.

October Term, 1902.

Present: Rowell, C. J., Tyler, Munson, Start, Watson, Stafford and Haselton, JJ.

Opinion filed November 4, 1902.

*Conditional sale—Lease—Taking possession—Rights of assignee—Conversion—Receipt as evidence—Postmaster as witness—Postal regulations—Harmless error.*

A contract in the form of a lease of personal property, which acknowledges receipt of a certain sum and provides that when a certain other sum is paid the lease will be fully satisfied, is a conditional sale.

A conditional vendor may sell his interest in the property and the contract, subject to the rights of the vendee which he does not disturb, and such sale is not a conversion of the property.

When the contract provides that the vendor may, upon default of the vendee, "repossess" the property, the vendor's assign is subrogated to this right; and merely taking possession of the property will not be a conversion, if the vendee is in default.

A receipt purporting to be signed by a manager is not admissible without evidence that he signed it.

The plaintiff's statement in the opening of her case, that she owned the machine in question, became immaterial and harmless when the written contract was put in and made the basis of recovery.

A postmaster cannot be compelled to testify whether a certain registered letter was sent through his office.

Trover for a sewing machine. Plea, the general issue. Trial by jury at the December Term, 1900, Caledonia County, *Taft,* C. J., presiding. The court ordered a verdict for the plaintiff for the value of the machine, and only submitted to the jury the question of its value. Judgment on verdict. The defendant excepted.

*Harland B. Howe* for the defendant.

6

It was error to allow the plaintiff to testify that she was the owner of the machine. All the title she had was in writing, and the writing was the best and only evidence.

It was error to admit in evidence the pretended final receipt, purporting to be signed by McLaughlin, Manager. There was no evidence whatever that it was McLaughlin's receipt. Besides the defendant purchased the machine with the contract on December 11th,—with notice to the plaintiff,—and the payment evidenced by the pretended receipt was not until the 11th of the following February. After the sale to the defendant and the notice to the plaintiff, the Singer Company or its agents, had no power to execute any receipt which would bind the defendant. 1 Greenl. Ev. s. 190; *Bullard* v. *Billings,* 2 Vt. 309.

The postmaster should have been compelled to testify. The evidence asked of him did not come within the prohibition of the postal regulations.

The Court erred in construing the lease as a conditional sale. This contract is not like the one involved in *Whitcomb* v. *Woodworth,* 54 Vt. 544, or *Collender Co.* v. *Marshall,* 57 Vt. 232, or *Singer Mfg. Co.* v. *Nash,* 70 Vt. 434. In each of those cases a sale could be inferred from the language of the contract, but here a sale cannot be inferred from the contract itself, without doing violence to the language therein used.

*N. A. Norton* for the plaintiff.

The contract in question is nothing more or less than a conditional sale. *Whitcomb* v. *Woodworth,* 54 Vt. 544; *Collender* v. *Marshall,* 57 Vt. 232; *Singer Mfg. Co.* v. *Nash,* 70 Vt. 434.

The contract being a conditional sale the company had no right to sell and the defendant no right to buy otherwise than

in accordance with V. S. 2293. *Roberts* v. *Hunt*, 61 Vt. 612; *Smith* v. *Wood*, 63 Vt. 534.

This defendant had no better right than the company. His purchase and refusal to deliver upon demand showed a conversion.

The postmaster could decline to testify in obedience to the postal regulations to which he called the Court's attention.

The plaintiff could testify that she owned the machine. [The sale was oral, the lien reserved alone being in writing.

ROWELL, C. J.    The contract under which the plaintiff claims title to the sewing-machine in question, was made with The Singer Manufacturing Co., by Wm. McLaughlin, Manager. It acknowledges the receipt of $17.00, and says that "there yet remains $43.00 to be paid" by the plaintiff before she "will complete the payments called for by the lease," which she agrees to pay at the rate of $3.00 a month until paid. Coupon receipts were to be given for the payments, and "when they amount to $43.00, the lease will be fully satisfied." The machine is to remain the property of the company, and not to be removed from its then present location without the permission of its St. Johnsbury office, and on failure of the plaintiff to keep her agreement, the company has the right to "repossess the machine," and a discount of ten dollars was to be made for payment in five months.

We quite agree with the trial Court that this is a conditional sale and not a lease, as it affects to be. The obvious intent and meaning of the contract is, that when it is "fully satisfied" by payment of the $43.00, the machine shall be and remain the property of the plaintiff, free from the company's interest therein.

But as the contract gives the company the right to take possession of the machine on failure of the plaintiff to pay as

agreed, the defendant has the same right, as he has bought the company's interest in the machine and the contract, and thus has become subrogated to its rights. Hence the decisive question is, whether the plaintiff had fully paid for the machine in a way to bind the defendant, before he took it, as she claims, or whether there was then a balance due, as the defendant claims. But this question was not submitted to the jury, as the Court directed a verdict for the plaintiff because the company did not sell the machine according to the statute, and therefore was guilty of a conversion in selling to the defendant, and the defendant guilty in taking possession. But this was error, for by selling to the defendant as it did, the company was not guilty of a conversion, as it did not take possession, nor exercise other dominion or control, of the property. A conditional vendor can sell his interest in the property and the contract, subject to the rights of the vendee, which he does not disturb, the same as one may in like manner sell his interest in any other property. *Thorp* v. *Robbins,* 68 Vt. 53, 33 Atl. 896, is analogous.

It was error to admit the receipt of payments purporting to be signed by McLaughlin as manager, as there was nothing to show that he signed it.

The plaintiff's testimony at the opening of her case that she owned the machine, became immaterial and harmless when the contract was put in and made the basis of recovery.

The Court was right in refusing to compel the postmaster to testify whether the plaintiff sent a registered letter through his office to the Singer Co. at Burlington in February, 1898. By Sec. 462 of the "Postal Laws and Regulations" of 1893, then in force, the witness was forbidden to furnish that information, under penalty of removal. That regulation had the force of law, it not being inconsistent therewith, as it was authorized by Sec. 161 of the Revised Statutes of the United States, by which the head of each department is authorized to

prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, etc.    *United States* v. *Eliason,* 16 Pet. 291; *Landram* v. *United States,* 16 Ct. Claims, 74; *Gratiot* v. *United States,* 4 How. 80, 117; *United States* v. *Ormsbee,* 74 Fed. Rep. 207; *In Re Hirsch,* Id. 928; *Hickey* v. *Huse,* 56 Me. 493.

    *Judgment reversed and cause remanded.*

