WILLIAM F. ASKAM *vs.* ARTHUR J. PLATT ET AL.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

Where plaintiff alleged in his complaint a breach of implied warranty of wholesomeness of certain meat purchased on or about a certain date, and in opening his case offered evidence of only one purchase upon which he relied, the court correctly charged the jury that they could not base a verdict for the plaintiff upon evidence of other purchases on other occasions, which was introduced by the defendants at the close of the plaintiff's case.

Having voluntarily chosen the cause of action upon which he relied, the plaintiff could not claim a recovery upon another independent cause of action, especially when he made no claim and offered no evidence to prove that said other contracts of purchase included such implied warranty.

The jury could have based a verdict for the plaintiff upon evidence which the defendants had introduced by their witnesses, provided said evidence related to the cause of action which the plaintiff by his complaint and evidence had elected to try.

Argued April 12th—decided June 13th, 1912.

ACTION to recover damages for pain and suffering caused by trichinosis, which was alleged to have been induced by pork chops sold by the defendants to the plaintiff and eaten by him, brought to the Superior Court in New Haven County and tried to the jury be-

fore *Bennett, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*Robert C. Stoddard,* for the appellant (plaintiff).

*Charles S. Hamilton* and *Omar W. Platt,* for the appellees (defendants).

RORABACK, J. The essential allegations of the complaint are as follows: "2. On or about the 8th day of February, 1910, the plaintiff bought of the defendants certain meat known as pork or pork chops, for the purpose of using the same immediately as food for himself and family, and the defendants sold said meat to the plaintiff knowing that the same was to be used by the plaintiff and his family as food. 3. The defendants sold said meat with the implied guarantee that the same was fit and wholesome for food. 4. Said meat was not fit and wholesome for food, but was diseased and liable to cause illness and sickness to any person who ate the same. 5. Upon the delivery of said meat to the plaintiff's family, said meat was within a reasonable time thereafter prepared and consumed by the plaintiff and his family. . . . 7. As a result of eating said meat the plaintiff, his wife and his minor children, . . . were made sick."

The answer admitted paragraph two, and denied paragraphs three, four, five, and seven; and also alleged that the plaintiff selected the meat in question, and in so doing relied upon his own skill and judgment.

On the trial the plaintiff, in the presentation of his case, offered no evidence to prove that he had purchased and eaten any meat of any kind from the defendants except four and three-quarters pounds of pork chops, bought on the 7th day of February, 1910. After the close of the plaintiff's case, the defendants, in reply,

with other testimony, offered witnesses who testified as to the purchase of sausages by the plaintiff on the 5th, 8th, and 11th days of February, 1910, and of pork chops on the 12th day of February, 1910.

In his charge the court, in speaking of the issues presented for the consideration of the jury, used the following language: "The parties are very much in controversy upon this part of the case, and I ought here to say to you, before I go any further, that the plaintiffs have put up their cases to you, in the opening, upon the ground that they bought pork chops upon a certain day, and that their damage resulted from eating those pork chops. Now, that is their case and that case they must prove. You cannot bring in a verdict against the defendants unless the plaintiffs have proven that those pork chops concerning which they gave evidence in the opening of their case were infected with trichinæ, as they claim them to have been. It will not do, and you cannot, even if you should find that the defendants sold other pork products or other pork, upon other days, which was diseased, to these plaintiffs, on that account find a verdict in favor of the plaintiffs, for these plaintiffs must prove the case that is here before you. Have the plaintiffs proved by a fair preponderance of evidence that these pork chops concerning which they have testified, that being the only pork which they have introduced evidence to show that they have consumed, have they shown to you that those pork chops were infected and unwholesome?"

These instructions upon this subject embody a correct statement of the law necessary for the proper guidance of the jury under the issues and evidence of the plaintiff as he had presented his case. The plaintiff had voluntarily chosen the cause of action upon which he relied. Under that election and the evidence which he had introduced to sustain that cause of action he

must stand. The plaintiff could not recover upon another separate and distinct cause of action, because the defendants, as a part of their case, in answer to the case which the plaintiff had attempted to make out, introduced evidence as to the sales of meat upon days other than the one upon February 7th. At that stage of the case it was too late for the plaintiff to change his cause of action. "Regard must always be had, not only to the pleadings, but to the issues of fact actually presented on the trial. When a plaintiff specifies the negligence he complains of, and explains the circumstances of his injury and how it happened, the opposing party and the court have a right to assume the case thus presented to be his whole case." *Lennon* v. *Rawitzer*, 57 Conn. 583, 586, 19 Atl. 334.

It is undoubtedly true that the jury could have based a verdict in favor of the plaintiff upon evidence which the defendants had introduced by their witnesses, provided it related to the cause which the plaintiff by his complaint and evidence had elected to try. But only one sale of meat had been mentioned by the plaintiff in his complaint, which by his evidence he had determined was upon February 7th, 1910. He could not claim to recover upon another independent cause of action. Either might have been the true one in the first instance, but both under the pleadings and evidence could not stand together. Choosing the one, he necessarily abandoned the other. Especially is this true when the finding discloses that the plaintiff did not claim, nor offer evidence to prove, that pork, or meat of any kind, was sold to him by the defendants with an implied warranty, except that referred to in his complaint as being sold on February 7th, 1910.

There is no error.

In this opinion the other judges concurred.