LOEWE et al. v. UNION SAVINGS BANK.

(District Court, D. Connecticut. April 26, 1915.)

Nos. 1801, 1802, 1805, 1807.

1. COURTS ☞65—TERMS OF COURT—DURATION.

When a term of court begins, a prior term ends.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 230, 246; Dec. Dig. ☞65.]

2. COURTS ☞354—UNITED STATES COURTS—CONFORMITY TO STATE PRACTICE—"FINAL JUDGMENT."

In actions in the nature of scire facias, in consummation of actions begun by process of foreign attachment, the United States District Court cannot open defaults after the expiration of the term at which the defaults were entered, notwithstanding Gen. St. Conn. 1902, § 748, providing that any judgment rendered upon a default may be set aside at the term succeeding that at which it was rendered, as the question is one of power, and not of practice; defaults being in their nature "final judgments."

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 934; Dec. Dig. ☞354.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

At Law. Actions in the nature of scire facias by D. E. Loewe and others against the Union Savings Bank, against the Norwalk Savings Society, against the South Norwalk Savings Bank, and against the Savings Bank of Danbury. On motions to open defaults in each action. Motions denied.

Daniel Davenport, of Bridgeport, Conn., and Walter Gordon Merritt, of New York City, for plaintiffs.

John R. Booth, of Danbury, Conn., for defendant Union Savings Bank.

John H. Light, of South Norwalk, Conn., for defendants Norwalk Savings Society and South Norwalk Savings Bank.

J. Moss Ives, of Danbury, Conn., for defendant Savings Bank of Danbury.

THOMAS, District Judge. These are all motions to open defaults obtained by the plaintiff for failure to answer a demurrer within the time fixed by the District Court rule, which requires all such pleadings to be filed within 30 days from the return day, unless such time is extended by order of court.

The actions are of the nature of scire facias under section 943 of the General Statutes of Connecticut, Revision of 1902, in consummation of actions begun by process of foreign attachment.

[1] The defaults were entered by the clerk, as of course, on February 16, 1915, during the December term, 1914, and the motions were made on February 25, 1915, and dates subsequent thereto, but all of them after the opening of the February term under the statute, and after the December term had ceased to exist by limitation of time. The proposition that, when a term of court begins, the prior

term ends is firmly established. Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797; Ex parte Friday (D. C.) 43 Fed. 916, 918.

[2] There is nothing in the federal statutes which takes the case out of this rule, and the sole question is whether the action is to be governed by the rule obtaining in the federal courts, or by the practice in the state courts of Connecticut. The Connecticut practice is stated in Weed v. Weed, 25 Conn. 337, and the statutes, sections 748, 749, General Statutes of Connecticut, Revision of 1902, providing for the opening of a default at the next succeeding term.

An examination of the authorities leaves no doubt that the state statute and practice have no applicability here, for the reason that the court has no *power* to hear the application, which was not made during the term at which the judgment was taken, and is entirely without discretion. The rule is tersely stated by the Supreme Court in Bronson v. Schulten, supra, 104 U. S. 417, 26 L. Ed. 797:

"The question relates to the *power* of the courts and not to the mode of procedure. It is whether there exists in the court the authority to set aside, vacate, and modify its final judgments after the term at which they were rendered: and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a state or the practice of its courts."

This proposition is firmly established as an essential part of the jurisprudence of the federal courts, and has been very recently reiterated by the Supreme Court of the United States in United States v. Mayer, 235 U. S. 67, 69, 70, 35 Sup. Ct. 16, 59 L. Ed. ——, where numerous authorities are cited. Manifestly it includes defaults, which are in their nature final judgments. Falken v. Housatonic R. Co., 63 Conn. 258, 27 Atl. 1117; Lennon v. Rawitzer, 57 Conn. 583, 19 Atl. 334; Raymond v. Danbury & Norwalk R. R. Co. (Shipman, J.) 14 Blatchf. 133, 43 Conn. 596, Fed. Cas. No. 11,593.

Indeed, this has been expressly ruled by Judge Chatfield, in the Eastern district of New York, in United States v. One Trunk, etc., 155 Fed. 651. The decisions of the Circuit Courts prior to their consolidation with the District Courts were, apparently without exception, to the same effect. Austin v. Riley (C. C.) 55 Fed. 833; Allen v. Wilson et al. (C. C.) 21 Fed. 881; Klever v. Seawall, 65 Fed. 373, 12 C. C. A. 653; Newman v. Newton (C. C.) 14 Fed. 634; School District No. 13 v. Lovejoy (C. C.) 16 Fed. 323.

Especially is this the case here, where all that remains after the default is the administration of the cause as an incident of the main litigation, but not necessarily as a part of it. St. Louis, Iron Mountain & Southern R. R. Co. v. Southern Express Co., 108 U. S. 24, 2 Sup. Ct. 6, 27 L. Ed. 638. The rule is undoubtedly harsh, especially in these cases, but the authorities make an escape from it impossible.

The motions must be denied.