LOEWE et al. v. UNION SAVINGS BANK OF DANBURY.

SAME v. SAVINGS BANK OF DANBURY.

(District Court, D. Connecticut. August 12, 1915.)

Nos. 1801, 1807.

1. COURTS ⬤═346—LAWS OF STATE COURT—ATTACHMENT.

Under Act Cong. June 1, 1872, c. 255, 17 Stat. 197, providing that in common-law causes in United States Circuit and District Courts the plaintiff shall be entitled to similar remedies by attachment now provided by the laws of the state in which the court is held, and that such courts may by general rules adopt such laws in the states in which they are held, in relation to attachments, and that the practice, pleadings, forms and modes of proceeding in civil causes, other than in equity and admiralty, in United States Circuit and District Courts shall conform as nearly as possible to the practice in like causes in the courts of record in the state wherein such courts are held, Congress expressly adopted as the law of the United States the Connecticut state law of attachment in

all common-law causes brought in the District Court of the United States for the District of Connecticut, and the method to be followed in making an attachment, in prosecuting it to effect, and in determining when the benefit of the remedy is lost, is to be looked for in the state law as manifested by the state attachment statute and the practice under it, including state court decisions construing the statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 918; Dec. Dig. ⊛346.]

2. GARNISHMENT ⊛179—SCIRE FACIAS TO ENFORCE—CONNECTICUT LAW—"CIVIL ACTION."

A scire facias to enforce a judgment in an action begun by foreign attachment, though in form a judicial writ created by statute to execute a judgment, is under the Connecticut law a civil action for all purposes of pleading, practice, and trial.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 335–350; Dec. Dig. ⊛179.

For other definitions, see Words and Phrases, First and Second Series, Civil Action.]

3. GARNISHMENT ⊛179—SCIRE FACIAS—ENFORCEMENT OF JUDGMENT IN ACTION BEGUN BY FOREIGN ATTACHMENT—ISSUE.

A scire facias to enforce a judgment in an action begun by foreign attachment under the law of Connecticut involves but one issue going to the merits; i. e., the amount of money or property in the garnishee's hands due or belonging to the defendant in the original action at the time of the attachment, including the incidental issue whether or not the property was legally attached or attachable.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 335–350; Dec. Dig. ⊛179.]

4. GARNISHMENT ⊛179—JUDGMENT BY DEFAULT—SCIRE FACIAS.

A judgment by default, under Connecticut law, whether the action is in contract or tort, like a judgment on a demurrer overruled, has no conclusive effect upon the final judgment to be rendered, which involves judicial action, cures no defects in the complaint or declaration which a general demurrer would not have aided, and after its entry, if there is uncertainty as to the sum for which final judgment is to be rendered against a garnishee, such garnishee's motion in scire facias to be heard in damages is in order.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 335–350; Dec. Dig. ⊛179.]

5. COURTS ⊛354—PRACTICE OF STATE COURTS—DEFAULT JUDGMENT—ASSESSMENT OF DAMAGES.

The assessment of damages after a default judgment for plaintiff should be made according to the practice of the state courts, since it is a matter of practice, and not of right.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 934; Dec. Dig. ⊛354.]

6. GARNISHMENT ⊛179—SCIRE FACIAS ON DEFAULT JUDGMENT—ASSESSMENT OF DAMAGES.

Where the clerk of a state court, as of course, under a district rule, entered judgment against defendant by default, in scire facias to enforce such judgment against the garnishee, the assessment of damages on the garnishee's motion before the court was proper, since the action of the clerk, in determining the relief to be granted or the amount of the recovery, was only a ministerial act.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 335–350; Dec. Dig. ⊛179.]

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7.** GARNISHMENT ⚖══179—DEFAULT—MOTION TO ASSESS DAMAGES—"HEARING IN DAMAGES."

Where, in scire facias to enforce a default judgment against a garnishee, a motion to assess damages was made at a term subsequent to the entry of the default, it did not come too late, as it did not in any way attempt to open the judgment, for a "hearing in damages," after default, was a judicial act, subject to review and attended with all the formalities and rights incident to a trial.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 335–350; Dec. Dig. ⚖══179.]

**8.** GARNISHMENT ⚖══179—DEFAULT—SCIRE FACIAS—MOTION TO ASSESS JUDGMENT—STATUTES.

Under Gen. St. Conn. 1902, § 758, requiring that, in all cases where judgment is rendered otherwise than on a verdict for plaintiff, the court shall assess damages, and under the Practice Act for all Connecticut courts (Connecticut Practice Book 1908, p. 244, § 142), providing that in all actions on contract, when damages are to be assessed upon a default, the plaintiff must file an account, copy, statement, or bill of particulars verified by oath, or duly present evidence in court in support of his claim, the rule is still in force that upon entry of a default judgment a defendant's motion to assess damages is in order, and such rule is not restricted to tort actions, but includes actions on contracts, such as actions of scire facias to enforce a default judgment against a garnishee.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 335–350; Dec. Dig. ⚖══179.]

**9.** JUDGMENT ⚖══111—DEFAULT—MOTION TO ASSESS DAMAGES—STATUTE.

Pub. Laws Conn. 1907, c. 112, providing that in every action at law in which the defendant suffers a default, or in which judgment is rendered for plaintiff on overruled demurrer to the complaint, and there is a hearing in damages, such hearing shall be to the jury, if either party within 30 days shall file with the clerk a request in writing that such hearing be so held, did not change the rule as to the nature, scope, or effect of a default, that it has no conclusive effect on the final judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 202; Dec. Dig. ⚖══111.]

**10.** GARNISHMENT ⚖══179—SCIRE FACIAS—NOTICE OF PENDENCY OF ACTION—STATUTE.

Under Gen. St. Conn. 1902, § 937, providing that when a scire facias shall be brought to recover a debt taken by foreign attachment, if any persons jointly or severally claim such debt as assignees, defendant in such scire facias may give notice in writing, duly served, to such claimants, that such scire facias is pending, and that they may appear and defend, etc., and that thereupon, unless such claimants shall give to such defendant sufficient security to indemnify him against all costs, he may suffer judgment to be given against him on such scire facias, which shall be a bar to the claim of the assignees against him for the same, defendants in scire facias were entitled to granting of their motions that parties claiming to hold by assignments from the defendants in the original actions the moneys·in the hands of the defendants in scire facias, garnishees therein, be given notice in regard to the pendency of the actions in scire facias, as the court should direct, and that such claimed assignees give security.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 335–350; Dec. Dig. ⚖══179.]

At Law. Actions by D. E. Loewe and others against the Union Savings Bank of Danbury and against the Savings Bank of Danbury. Defendants move for hearings in damages, and that the United Hatters

of North America be given notice of the pendency of the actions. Motions granted.

See, also, 222 Fed. 342.

Daniel Davenport, of Bridgeport, Conn., and Walter Gordon Merritt, of New York City, for plaintiffs.

William Waldo Hyde, of Hartford, Conn., for both defendants.

John R. Booth, of Danbury, Conn., for defendant Union Savings Bank of Danbury.

J. Moss Ives, of Danbury, Conn., for defendant Savings Bank of Danbury.

THOMAS, District Judge. These are actions of scire facias, brought under section 931 of the General Statutes of Connecticut, Revision of 1902, in consummation of garnishments made in the original actions in which the plaintiffs, prior to the beginning of these actions, recovered judgments against the defendants, respectively.

[1] Section 931 of the General Statutes of Connecticut provides:

"Such garnishee shall be liable to satisfy such judgment out of his own estate, as his own proper debt, if the effects, or debt, be of sufficient value or amount; if not, then to the value of such effects, or to the amount of such debt. A scire facias may be taken out from the clerk of the court where the judgment was rendered, to be served upon such garnishee, requiring him to appear before such court and show cause, if any he have, to the contrary; and the plaintiff may require the defendant, and the defendant shall have the right, to disclose, on oath, whether he has any of the effects of the debtor in his hands, or is indebted to him; and the parties may introduce any other proper testimony respecting such facts. If it be found that the defendant has the effects of such debtor in his hands, or is indebted to him, or if he makes default of appearance, or refuses to disclose on oath, judgment shall be rendered against him, as for his own debt, to be paid out of his own estate with costs; but if it appear on the trial that the effects are of less value, or the debt of less amount than the judgment recovered against the debtor, judgment shall be rendered to the value of the goods, or to the amount of the debt; and if it appear that the defendant has no effects of such debtor in his hands, or is not indebted to him, he shall recover costs."

The original actions were common-law actions begun by mesne process, as are all civil actions under the Connecticut practice, and were accompanied by foreign attachments, pursuant to section 880 of the General Statutes of Connecticut, Revision of 1902. The time fixed by the district rule for the defendants to plead to the pending actions having passed, defaults were entered by the clerk as of course, without the direction of the court, pursuant to a district rule. At the term subsequent to the entry of these defaults the defendants moved to have them opened, which motions were overruled, for the reason that the court, under the rigid rule of the federal courts, was without jurisdiction to open a judgment entered at a previous term, and that this rule extended to and included defaults. 222 Fed. 342.

The defendants now move for a hearing in damages in each of the actions of scire facias, and also move, pursuant to section 937 of the General Statutes of Connecticut, Revision of 1902, that the United Hatters of North America, a voluntary association claiming to hold by assignments from the defendants in the original actions the moneys in the hands of the garnishees therein, the defendants in the pend-

ing actions, at the time of the attachments, be given notice in regard to the pendency of these actions of scire facias as the court shall direct, and, further, that the said United Hatters of North America shall give to the defendants herein sufficient security to indemnify them against all costs they may suffer in the event that judgment shall be given against them in these actions.

Section 937 of the General Statutes of Connecticut provides:

"When a scire facias shall be brought to recover a debt or effects taken by a foreign attachment, if any person or persons, either jointly or severally, claim such debt as assignee or assignees thereof, or such effects as owner or owners thereof, the defendant in such scire facias, having notice or knowledge of such assignment, ownership, or claim, may give notice in writing, signed by proper authority, and duly served, to such claimant or claimants, or his or their attorney, that such scire facias is pending, and that he or they may appear, if they see cause, and defend against it; which notice, when the claimant or claimants shall reside out of the state, shall be given in such time and manner as the court, before which such action is pending, shall direct; and thereupon, unless such claimant or claimants shall, within such time as such court may direct, give to such defendant sufficient security, to the approval of the court, to indemnify him against all costs, he may suffer judgment to be given against him on such scire facias, which shall be a bar to the claim of the assignee or assignees of the debt, or the owner or owners of the effects, against him for the same. In case such assignee or assignees, owner or owners, shall give such security, and make effectual defense against the scire facias, he or they shall be entitled to the costs that shall be recovered against the plaintiff; but if he or they fail to make an effectual defense, the judgment rendered on the scire facias against the defendant shall be a bar to any claim against him by them for such debt or effects. If, after such security has been given, the defendant, on due notice given him, shall neglect to appear and disclose on oath, if required, on the trial of such scire facias, or, in case a commission shall be issued, shall neglect to make disclosure before the commissioners, he shall take no benefit by the provisions of this section, nor of such security."

The granting of these motions is resisted by the plaintiffs on the ground that the court is now without jurisdiction either to reopen the defaults or to proceed without reopening them to have hearings in damages, or to cite in the claimants to make defense. It must be premised in limine that the case here presented is not one in which a judgment may be rendered against a defendant in a scire facias under the Connecticut practice for the full amount of the original action, although the garnishee may not have in his hands a sum equal to that amount. Indeed, the only circumstances under which such a judgment can be so entered are (1) a finding that the garnishee has sufficient effects in his hands; or (2) a default of appearance; or (3) a refusal to disclose under oath. Section 931, Gen. Stat. Conn., Revision 1902. None of these circumstances are present here. Furthermore, these proceedings are clearly included in sections 915 and 916 of the United States Revised Statutes. These sections were first enacted by Congress in the Act of June 1, 1872, c. 255, 17 Stat. at Large 197, as amendments of the Process Act, and were carried forward in the revision of the following year as sections 915 and 916. They provide as follows:

Sec. 915. "In common-law causes in the Circuit and District Courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the

laws of the state in which such court is held for the courts thereof; and such Circuit or District Courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process: Provided, that similar preliminary affidavits or proofs, and similar security, as required by such State laws, shall be first furnished by the party seeking such attachment or other remedy."

Sec. 916. "The party recovering a judgment in any common-law cause in any Circuit or District Court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such Circuit or District Court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

Comp. St. 1913, §§ 1539, 1540.

Congress also enacted at the same time—17 Stat. at Large, 197, § 5 (Comp. St. 1913, § 1537)—the following provision, which was carried forward into the Revision of 1873 as section 914:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

And as the Connecticut statutes relied on were in force when these sections were passed in 1872, and, indeed, had been for a long time prior thereto, clearly they are now part of the judicial machinery of this court. Lamaster v. Keeler, 123 U. S. 376, 8 Sup. Ct. 197, 31 L. Ed. 238. In other words, Congress expressly adopted as the law of the United States in this district the Connecticut state law of attachment in all common-law causes; and the remedy so given to plaintiffs in this district carries with it the incidents of the state remedy. Therefore the method to be followed in making an attachment, in prosecuting it to effect, and in determining when and how the benefit of the remedy is lost, is to be looked for in the state law. Russia Cement Co. v. Le Page Co., 174 Mass. 349, 55 N. E. 70. The scope, meaning, and application of a state attachment law, and the practice under it, including the decisions construing that law, are controlling on the federal courts. Third National Bank of Baltimore v. Teal (C. C.) 5 Fed. 503; Fleitas v. Cockrem, 101 U. S. 301, 25 L. Ed. 954. And the provisions of these sections giving to the federal courts the power to adopt by general rules the state laws must be regarded as purely directory. Shepard v. Adams, 168 U. S. 618, 625, 626, 18 Sup. Ct. 214, 42 L. Ed. 602.

We are therefore brought to the three vital propositions involved in these motions:

[2, 3] First. A scire facias to enforce a judgment in an action begun by foreign attachment, though in form a judicial writ and a creation of statute as a method of executing a judgment, is nevertheless, under the law of the state of Connecticut, a civil action for all purposes of pleading, practice, and trial, as has been repeatedly held by the Connecticut Supreme Court of Errors. Savings Bank of Dan-

bury v. Downs, 74 Conn. 87, 49 Atl. 913; White v. Washington School District, 45 Conn. 59; Smyth v. Ripley, 32 Conn. 156; Raymond v. Rockland Company, 40 Conn. 401. It involves one single issue, which goes to the merits of the case, and that is the amount of money or property in the hands of the garnishee due to or belonging to the defendant in the original action at the time of the attachment (Cunningham Lumber Co. v. N. Y., N. H. & H. R. R. Co., 77 Conn. 628, 630, 60 Atl. 107), including the incidental issue, whether or not the money or property was legally attached or attachable (Raymond v. Rockland Co., supra).

[4] Second. A judgment by default, whether the action be in contract or tort, like a judgment on a demurrer overruled, has no conclusive effect upon the final judgment to be rendered, and which involves further judicial action. It cures no defects in the complaint or declaration which a general demurrer would not have aided. Judge Gould has stated the rule as follows:

"A default cures no defects in the declaration which would not have been aided on a general demurrer, for *no facts* can be presumed to have been proved when *no trial* has been had and no proof exhibited. And therefore a motion in arrest of judgment, for the insufficiency of the declaration, after a default, operates precisely as a general demurrer to the declaration would have operated." Gould's Pleadings, c. 10, § 26.

To the same effect is the statement by Chief Justice Swift, in Swift's Digest (Ed. 1822) 778:

"Judgments by default do not aid defects in the same manner as verdicts; but the same advantage can be taken of a defect in a declaration after judgment by default, as under a general demurrer; for a default admits only such facts as are alleged, and if defects should be aided by a judgment on default, it might frequently happen that a court would give judgment for the plaintiff, when he is not entitled to recover. Where a promisor depends upon the performance of something to be first done by him to whom the promise is made, and in an action on such promise the declaration does not aver performance by the plaintiff, or that he was ready to perform, and there is a verdict for the plaintiff, such omission is cured by verdict, but is a fatal objection after judgment by default."

In Bacon v. Page, 1 Conn. 404, the plaintiff brought suit on a promissory note. The defendant in the superior court made default of appearance. The court then assessed the damages and rendered judgment for the plaintiff. A writ of error was sued out by the defendant, which was sustained by the Supreme Court of Errors. In the opinion of the court, delivered by Chief Justice Swift, it was held that the judgment should be reversed, notwithstanding the default. Chief Justice Swift, in his Digest (Ed. 1822, page 784), which was published a few years subsequent to the decision in Bacon v. Page, supra, states the law in proceedings following a default as follows:

"When judgment is rendered on confession, the parties agree on the exact sum; but when judgment is rendered upon demurrer, default, or nihil dicit, it is immemorial usage for the court to assess the damages without the intervention of a jury. When the action is founded on a contract, and is for a sum certain, the judgment is a matter of course; but if there have been payments, or if either party dispute the sum for which judgment is to be rendered, the regular method is to make a motion to the court to be heard in damages, in which case they make all the proper inquiries of witnesses respecting the true and just amount of the debt, and render judgment for such

sum as they shall find to be due. But if there be no motion to be heard in damages, the court ought not to render judgment for the whole sum demanded, if that is more than appears from the declaration to be due. Where the action is on a note, and the judgment is for more than the principal and interest, it is erroneous."

This statement is repeated by Judge Dutton in his revision of Swift's Digest (volume 1, side page 784).

[5] A careful study of the very able opinion of Judge Nathaniel Shipman in Raymond v. Danbury & Norwalk Railroad Co., 14 Blatchf. 133, Fed. Cas. No. 11,593, puts beyond any possible question the right and duty of this court to apply in the assessment of damages, whether in actions in contract or tort, the rules existing and applicable in the state courts of Connecticut. This opinon of Judge Shipman is of all the more value as a guide because it was subsequently adopted by the Connecticut Supreme Court of Errors in Lennon v. Rawitzer, 57 Conn. 583, 19 Atl. 334, as an authoritative and accurate exposition of the law as administered by the state court. As pointed out by Judge Shipman, the assessment of damages after a default is a matter of practice, and not of right, and the assessment should be made according to the practice of the state courts.

[6, 7] Third. The assessment of damages after a default is, for the reasons already given, a judicial and not a ministerial act. Especially must this be true in a case like this where the default was not entered under the direction of the court, but by the clerk, as of course, under a district rule, who acted ministerially, and not judicially, and where there was no necessity for judicial action in determining the relief to be granted or the amount of the recovery. No intendments can therefore be made in support of his acts. Furthermore, it is of no import that these motions are made at a term subsequent to the entry of the defaults. They are not in any way attempts to open judgments, for a hearing in damages, after a default, is a judicial act, subject to review, and attended with all the formalities and rights incident to a trial. Authorities supra. Repeated decisions of the Supreme Court of Errors of Connecticut, in addition to those already cited, confirm this view. Havens v. H. & N. H. R. R. Co., 28 Conn. 90; Lamphear v. Buckingham, 33 Conn. 237; Shepard v. New Haven & Northampton Co., 45 Conn. 54; Crane v. Eastern Transportation Line, 50 Conn. 341; Gardner v. City of New London, 63 Conn. 274, 28 Atl. 42.

[8] Section 758 of the Connecticut Statutes, Revision of 1902, which has been continuously in force since 1672, requiring that, "in all cases where judgment is rendered otherwise than on a verdict, in favor of the plaintiff, the court shall assess the damages which he shall recover," and the general rule of practice in ordinary civil actions under the Practice Act in all courts of Connecticut, providing that "in all actions upon contract, when damages are to be assessed upon a judgment by default, the plaintiff must file an account, copy, statement, or bill of particulars verified by oath, or duly present evidence in court in support of his claim" (Connecticut Practice Book, § 142, p. 244), show clearly that the law stated by Judge Gould and Chief Justice Swift is still in force, and is not restricted to tort actions, as the

learned counsel for the plaintiffs contend, but extends to and includes all civil actions in which the damages are unliquidated.

[9] The Connecticut statute of 1907—Public Laws 1907, c. 112, p. 665—providing that in every action at law in which the defendant suffers a default, or in which judgment is rendered for the plaintiff upon a demurrer to the complaint overruled, and there is a hearing in damages, said hearing in damages shall be to the jury if either party to said action shall, within 30 days after such default entered or demurrer overruled, file with the clerk of the court in which such action is pending a request in writing that such hearing in damages be so held, does not in any way change the rule as to the nature, scope, or effect of a default, which remain now the same as they did prior to the enactment of the statute. On the contrary, the language of the statute, taken in connection with the law of Connecticut as definitely stated in the numerous authorities cited, confirms the view of the law herein expressed.

[10] It seems beyond all question, from this examination of the law, that the defendants are entitled to be heard in damages. They are also entitled to an allowance of the motions asked for under section 937 of the General Statutes of Connecticut, Revision 1902, for the reason that the purpose of that statute is to make any judgment given against the garnishees on the scire facias a bar to any claim against them by the claimants of the fund. Coit v. Sistare, 85 Conn. 573, 577, 84 Atl. 119, Ann. Cas. 1913C, 248.

The motions may be granted. Let an order to that effect be entered.