REFRIGERATION DISCOUNT CORPORATION *vs.* L. A. CHRONIS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 15th—decided October 24th, 1933.

*William K. Lawlor,* for the appellant (defendant).

*Philip N. Bernstein,* for the appellee (plaintiff).

AVERY, J. In its complaint, the plaintiff alleged that on March 17th, 1930, Henry Blatchley and Harry Martin, doing business as the Kelvinator of Waterbury, entered into an agreement of conditional sale with the defendant Chronis, which was annexed to and made a part of the complaint, whereby they agreed

to place in his possession certain refrigerating equipment manufactured by the Kelvinator Corporation of Detroit, Michigan. It was further alleged that the agreement had been performed by the seller and assigned to the plaintiff; and the plaintiff, as assignee, asked judgment for the return of the equipment or, in the alternative, damages. The defendant, in his answer, after denying the allegations of the complaint, set up several special defenses, the first of which was to the general effect that the Kelvinator Corporation of Detroit agreed to install sufficient equipment and guaranteed it for one year; that the contract called for two compressors and only one was installed; that the equipment was not properly installed and did not function properly, and was not as represented, warranted and agreed. The other special defenses raised the question as to whether the contract was that contained in the exhibit set forth in the complaint or was something different; and also alleged that the agreement was not witnessed and acknowledged and was, therefore, invalid.

The trial court concluded that the plaintiff was entitled to the balance due on the contract ($266.53 less $44.95 spent for a pressure control which had to be bought because the original became defective within a year, and $9.10 spent for repairs on the installation during the first year) plus an attorney's fee of $75 provided for in the contract, together with an item of $12.74 for interest, and rendered judgment for the plaintiff for $300.22, and the defendant Chronis has appealed.

From the finding of the court, it appears that Blatchley and Martin, doing business as Kelvinator of Waterbury, were local dealers and distributors at Waterbury of equipment and products manufactured by the Kelvinator Corporation of Detroit; and that

the Kelvinator Corporation of Detroit and the Kelvinator of Waterbury (Blatchley and Martin) were two independent concerns. Blatchley and Martin had in their employ a salesman, E. R. Manthey, who, on March 17th, 1930, took from the defendant an order, subject to the approval of the partners, for a Kelvinator installation, consisting of one R-10 and one F-10 compressors and other refrigeration equipment at a price of $1300. Manthey put this order in writing in the form of a conditional sales agreement, leaving a copy with Chronis. The agreement was signed by the defendant and witnessed by Manthey, but was not signed by the partners. They visited Chronis, discussed the matter with him, and told him they thought one large compressor or condensing unit, type WR-40, would be sufficient to take care of the cooling system instead of two compressors. Chronis said he knew nothing about it and left it entirely to them as to the equipment required to give him proper refrigeration. The contract relied on by the plaintiff was then executed. It called for one condensing unit WR-40 instead of two, one R-10 and one F-10 as first specified. The copy of the original contract, signed and retained by Chronis, contained on the back of it the following: "The price is $1300 for Kelvinator equipment installed. The present ammonia system to be taken out, as we have allowed purchaser for same. One Seegar box for kitchen No. 14-19 Model of porcelain. All Kelvinator equipment is guaranteed for one year." The contract sued upon did not contain this statement. It was, however, signed by Chronis but not witnessed or acknowledged. Martin caused a witness' name and acknowledgment to be added before the contract was recorded without Chronis' knowledge or consent.

The apparatus arrived in Waterbury in April, 1930. The equipment was properly installed, was as rep-

resented, and fairly performed the purposes for which it was manufactured, and was not defective except as to one pressure control which could easily have been removed and replaced without interfering with the other equipment, and was so replaced by Chronis at an expense of $44.95. The equipment did not, however, maintain a proper and sufficiently low temperature. An engineer employed by the partners worked on it upon a number of occasions and attempted to put it in working order. It would work for a short time and then fail to maintain a sufficiently low temperature. During the first year after its installation, Chronis spent $9.10 for repairs. He defaulted in his monthly payment in February, 1931, leaving a balance of $266.53 due. Thereafter, he spent the following sums for the equipment and repairs: In April, 1931, $363 for an additional compressor; in May, 1931, $9.10 for a valve; in September, 1931, $44.95 for a pressure control, already mentioned, $56 for cork baffles, and $86.72 for a new motor, making a total of $559.77.

On this appeal, the defendants seek numerous corrections of the finding relating principally to the two questions—what was the actual contract between the parties, and was the equipment defective when installed? An examination of the evidence discloses that the finding is not susceptible to corrections in this court which would invalidate the trial court's conclusions on these points.

The defendants claim that the contract, not having been witnessed and acknowledged as required by General Statutes, §§ 4697 and 4699, is unenforceable by the plaintiff as assignee of the seller. The effect of these sections is not to render invalid as between the parties contracts of conditional sale which have been defectively executed, but to render such contracts of conditional sale absolute as to creditors and bona fide

purchasers. *Liquid Carbonic Co.* v. *Black,* 102 Conn. 390, 395, 128 Atl. 514; *New Haven Wire Co. Cases,* 57 Conn. 352, 386, 18 Atl. 266; *Harkness* v. *Russell,* 118 U. S. 663, 7 Sup. Ct. 51. In the instant case, no rights of creditors had intervened, and the conditional vendor could sell his interest in the property and the contract subject to the rights of the vendee which he did not disturb, the same as one could, in like manner, sell his interest in any other property. *Nye* v. *Daniels,* 75 Vt. 81, 84, 53 Atl. 150; *Waterbury Trust Co.* v. *Weisman,* 94 Conn. 210, 218, 108 Atl. 550; *Bank of California* v. *Danamiller,* 125 Wash. 255, 259, 215 Pac. 321, 36 A. L. R. 753, 759; *State Bank* v. *Johnson,* 104 Wash. 550, 177 Pac. 340, 3 A. L. R. 235, 240.

The appellant makes the claim that there was a warranty that the equipment would afford proper and adequate refrigeration, and a breach thereof. The only warranty alleged in the answer is one made by the Kelvinator Corporation of Detroit through its agent, E. R. Manthey. The trial court has found that Kelvinator of Detroit and Kelvinator of Waterbury (Blatchley and Martin) were independent concerns, and, in effect, that the sale was made by the latter. Under the pleadings, the defendant cannot avail himself of any warranty which might be found to have been made by Kelvinator of Waterbury in the absence of any allegation to that effect. *Askam* v. *Platt,* 85 Conn. 448, 450, 451, 83 Atl. 529; *Lennon* v. *Rawitzer,* 57 Conn. 583, 586, 19 Atl. 334; *O'Hara* v. *Hartford Oil Heating Co.,* 106 Conn. 468, 472, 138 Atl. 438.

There is no error.

In this opinion the other judges concurred.