HENRY GROSSMAN, Plaintiff, *v.* HOTEL ASTOR, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District,
November 15, 1937.

*Herbst & Balaban* [*David Berman* of counsel], for the plaintiff.

*William A. Earl* [*Brendan C. Kelly* of counsel], for the defendant.

O'ROURKE, J. The facts in this case are not in issue.

The plaintiff claims that he was a guest at the Hotel Astor on the evening of December 29, 1936. He ordered some food in the dining room, which included brook trout, which was tagged in accordance with the provisions of the Conservation Law of this State. The plaintiff alleges that he did not notice the tag in the fish, and that he broke one of his artificial teeth when he bit into that part of the fish with the tag.

The defense is based upon rule 25 of the Rules and Regulations of the Conservation Commission.

The facts presented herein raise a novel question of law.

Rule 25 provides as follows: " Right to have trout for consumption. Any person may buy, sell or have in possession for sale for use as food at any season of the year, a trout artificially propagated and kept, provided that such trout is not less than six inches long and provided also that the same is tagged as hereinbefore provided. The tag shall be removed only by the consumer, and when removed shall be destroyed."

This rule was enacted in conjunction with the other rules contained in the Conservation Law for the purpose of protecting fish and game of the Commonwealth and to prevent a waste of the natural resources to the detriment of the general public.

The general right of the government to protect fish and game is too well established to be now called in question. Their ownership is in the State in its sovereign capacity for the benefit of all the people. Their preservation is a matter of public interest. They are a species of natural wealth which without special protection would be destroyed. At all times governments have assumed the right to prescribe how and when fish and game may be taken. (*Barrett* v. *State*, 220 N. Y. 423, 427.)

The measures best adapted to this end are for the Legislature to determine, and courts cannot review its discretion. If the regulations operate, in any respect, unjustly or oppressively, the proper

remedy must be applied by that body. (*Phelps* v. *Racey*, 60 N. Y. 10, 14.)

In *People* v. *Clair* (221 N. Y. 108, 110) the Court of Appeals analyzed the basic principles underlying the enactment of the Conservation Law. It held: " The preservation of such animals, birds and fish as are adapted to consumption as food, or to any other similar useful purpose, is a matter of public interest, and it is within the police power of the State as the representative of the people to make such laws as will best preserve such game and secure its beneficial use in the future to the citizens of the State, and to that end it may adopt any reasonable regulations not only as to time and manner in which such game may be taken and killed, but also may impose limitations upon the right of property in such game after it has been reduced to possession. Such limitations deprive no person of his property, because he who takes or kills game had no previous right to property in it, and when he acquires such right by reducing it to possession he does so subject to such conditions and limitations as the Legislature has seen fit to impose. (*State* v. *Rodman*, 58 Minn. 393; *Geer* v. *Connecticut*, 161 U. S. 519; *American Express Co.* v. *People*, 133 Ill. 649; *State* v. *Dow*, 70 N. H. 286; *People* v. *Bootman*, 180 N. Y. 1.)"

Such construction of the Conservation Law should be adopted as appears most reasonable and best suited to accomplish its purpose. (*Pierson* v. *People*, 79 N. Y. 424; *People* v. *Fox*, 4 App. Div. 38; *People* v. *Laning*, 40 id. 227.)

In the instant case the defendant hotel claims immunity from liability because it charges that " the tag shall be removed only by the consumer." The hotel further contends that it was the duty of the plaintiff as the " consumer " to remove the tag from the fish, and that no burden is imposed by law upon the hotel to do so.

Literally, the defendant's interpretation of the word " consumer " is correct. Webster's Twentieth Century Dictionary, unabridged edition, defines " consumer " to mean " one who eats, uses up or destroys; to destroy by eating, devouring and annihilating the form of a substance; as animals consume flesh and vegetables."

It seems obvious that the intention of the Legislature was to impose a duty on all dealers in trout, artificially propagated, as food to tag the same.

The hotel does not plead nor prove that it warned the plaintiff, its invitee, as to the dangerous condition of the trout offered for his consumption.

I find the defense interposed herein, based solely and wholly upon the statutory rule 25 of the Rules and Regulations of the Conservation Commission, to be insufficient in law. The hotel

had first-hand knowledge of the condition of the trout with respect to the tag required by law; this fish, covered by a sauce, did not disclose its dangerous condition to an unsuspecting guest. It would be unjust to construe a conservation rule enacted as a regulatory measure to be a complete defense to an action for negligence brought against a public innkeeper for the sale of unwholesome food, or food which contained a concealed object.

In my opinion rule 25 of the Rules and Regulations of the Conservation Commission does not change the basic principles of law established by the highest courts upon the subject of negligence or breach of warranty in the sale of food.

It seems to me, therefore, that in this instance the " consumer " may well have been the defendant hotel, and that it should be so treated when serving prepared food to its guests, to all intents and purposes ready for consumption.

It seems unreasonable to hold a consumer, in this instance, negligent because he failed to remove a concealed tag.

The general weight of authority in the United States and in England is that accompanying all sales by a dealer of food articles for immediate use there is an implied warranty that the same is fit for human consumption. (*Race* v. *Krum*, 222 N. Y. 410, 414; *Hoover* v. *Peters*, 18 Mich. 51; *Sinclair* v. *Hathaway*, 57 id. 60; 23 N. W. 459; *Winsor* v. *Lombard*, 18 Pick. 57, 61; *Farrell* v. *Manhattan Market Co.*, 198 Mass. 271; 84 N. E. 481; *Askam* v. *Platt*, 85 Conn. 448; 83 A. 529; *Tomlinson* v. *Armour & Co.*, 75 N. J. L. 748; 70 A. 314; *Wiedeman* v. *Keller*, 171 Ill. 93; 49 N. E. 210; *Catani* v. *Swift & Co.*, 251 Penn. St. 52; 95 A. 931.)

This is a principle not only salutary but necessary to the preservation of health and life. This rule is based upon the high regard which the law has for human life. The consequences to the consumer resulting from consumption of articles of food sold for immediate use may be so disastrous that an obligation is placed upon the seller to see to it, at his peril, that the articles sold are fit for the purpose for which they are intended. The rule is an onerous one, but public policy as well as the public health demand such obligation should be imposed. The seller has an opportunity which the purchaser does not have of determining whether the article is in the proper condition to be immediately consumed. If there be any poison in the article sold, or if its condition render it unfit for consumption, and the consumer be thereby made ill, some one must of necessity suffer, and it ought not to be the unsuspecting guest, but rather the defendant hotel, which has made an inspection, knows the condition of the food, but relies on the construction of a law to escape liability.

There is no injustice in applying such a measure of liability to the hotel. The entire control of the supplies which enter into the dish, as well as its method of preparation and progress to the table from the kitchen, are entirely within the hotel's control. A guest has every right to assume that the food which is placed before him is fit to eat. That is why he pays the charges which are prevalent in hotels and restaurants of standing. (*Barrington* v. *Hotel Astor*, 184 App. Div. 317, 322.)

If the defendant's contention is correct the only person who can remove the tag is the one who actually consumes the fish. Might it not be just as reasonably argued that a housewife who serves artificially propagated trout in her own home must leave the removal of the tag to the member of the family who proposes to eat the same, and to then and there destroy it? Is not this carrying the rule of construction to an absurdity? Wherein is the difference between the housewife and the chef in the kitchen of the hotel? The way I see it, the purpose of the law was to conserve and protect brook trout, which purpose has been accomplished by the tagging, and to carry this protection into the family dining room or the main dining room of a cosmopolitan hotel is too far.

Judgment is hereby rendered in favor of the plaintiff for the sum of $150.